**State of Vermont**
**Superior Court—Environmental Division**

═══════════════════════════════════════════════════════════════════════
## E N T R Y   R E G A R D I N G   M O T I O N
═══════════════════════════════════════════════════════════════════════

**In re Gaujac Final Plan Review PUD**                               **Docket No. 145-9-10 Vtec**
    Project: Request for final site plan/PUD approval
    Applicant: Roland Gaujac and Lisa Gaujac
       (Appeal from Town of Charlotte Planning Commission determination)

Title: Motion to Dismiss Wygmans as Interested Parties, (Filing No. 3)

Filed: November 9, 2010

Filed By: Liam L. Murphy, Attorney for Applicant/Cross Appellants Roland Gaujac and Lisa Gaujac

Response (in Opposition) filed on 11/30/10 by Interested Persons Maura and Justin Wygmans


\_\_\_ Granted                     _X_ Denied                     \_\_\_ Other

      Before the Court is a motion to dismiss Maura and Justin Wygmans, who have entered a notice of appearance as interested persons in this appeal by Michael and Karen Frost of the Town of Charlotte Planning Commission's approval of a final site plan for a Planned Unit Development ("PUD") involving the construction of an inn and residence on Applicants Roland and Lisa Gaujac's ("Applicants") property.  Applicants filed the motion to dismiss, arguing that the Wygmans' notice of appearance was late, not mailed to Applicants' Counsel, and may have been purposefully back-dated.  Applicants also assert that allowing the Wygmans to intervene would prejudice Applicants and delay resolution of the matter because of a quickly approaching mediation session scheduled for December 15, 2010.

      This Court's procedural rules require most parties, with a few exceptions not pertaining here, who wish to intervene in the appeal of a municipal body's decision to file a notice of appearance within 20 days of receiving service of the notice of appeal.  V.R.E.C.P. 5(c).  The parties wishing to intervene must also serve each of the other parties involved in the appeal with their notices of appearance.  Id.; see also V.R.C.P. 5.  If a filing party misses the 20-day deadline, the party may file a "timely" motion to intervene.  V.R.E.C.P. 5(a)(2), (c); see also 24 V.S.A. § 4471(c); V.R.C.P. 24.  Further, all of these filings must be signed by the filing party, or the party's counsel, or they will be "stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."  V.R.C.P. 11(a).[1]

      The Wygmans filed an unsigned notice of appearance with the Court on November 5, 2010, a total of 31 days after they were served with notice of Applicants' cross appeal, thereby rendering the Wygmans' filing 11 days late.  For reasons unexplained to the Court (and not relied upon in our determination here), the Wygmans dated their notice October 26, 2010 but the Court did not receive it until November 5, 2010.  When the Court brought the signature omission to the Wygmans' attention, they corrected this by each filing signed pro se notices of appearance on November 12, 2010.  In response to Applicants' motion to dismiss, the Wygmans filed a signed letter apologizing for the

---

[1]  The signature serves as a party's certification of the accuracy and good faith of the party's representations to the Court.  See Reporter's Notes, V.R.C.P. 11.

lateness of their filing and indicating that they were out of the state for the month of September and fell behind on their correspondence.

We cannot discern how missing this appearance deadline by 11 days is an egregious delay warranting dismissal.[2] Here, the Wygmans promptly corrected the omission of their signatures, once the Court brought their signature omission to their attention. While it remains unclear whether the Wygmans have served all of the other parties involved in this appeal with copies of their notice of appearance, Applicants were notified of the Wygmans' desire to appear through an e-mail on November 4. (See Mot. to Dismiss Wygmans as Interested Parties n.1, filed Nov. 8, 2010). Additionally, despite not filing an official motion to intervene, which is required of the Wygmans under V.R.E.C.P. 5(c), the Wygmans have filed a signed explanation of their tardy notice with the Court in the form of a letter responding to Applicants' motion.[3]

Ultimately, the procedural errors in the date, format, and service of the Wygmans' notice of appearance do not warrant the harsh remedy of their dismissal as interested persons. If the Wygmans had filed a motion to intervene, V.R.C.P. 24(b) would require the Court to consider whether adjudication of the rights of the original parties in this appeal will be unduly delayed or prejudiced by the Wygmans' appearance. Applicants' arguments on this question have not convinced us that the errors here create such problems. The Wygmans state that they are aware of the date of the scheduled mediation and have "no problem with this date." (See letter to Court from Maura and Justin Wygmans, filed Nov. 30, 2010). Additionally, while the Court frowns upon dating correspondence with a date other than that on which it is mailed, we do not think the discrepancy here on the Wygmans' original notice of appearance, nine days, warrants their dismissal.

For the above reasons, the Court finds that the Wygmans may remain interested persons in this appeal. Thus, the Wygmans may and should participate in the upcoming mediation session which was ordered by the Court through its October 20, 2010 Scheduling Order. If the Wygmans have not done so already they **must** send copies of their signed notice of appearance, which was filed with the Court on November 12, 2010, to all of the parties in this appeal.

_____     ___December 14, 2010____
            Thomas S. Durkin, Judge                         Date

==================================================================

Date copies sent to: _____             Clerk's Initials _____

Copies sent to:

  Attorney Vincent A. Paradis for Appellants Karen Frost and Michael Frost
  Attorney David W. Rugh for Interested Person Town of Charlotte
  Attorney Liam L. Murphy for Cross Appellants Roland Gaujac and Lisa Gaujac
  Interested Person Louise F. Reid
  Interested Persons Maura Wygmans and Justin Wygmans

---

[2] While Applicants discuss other opportunities the Wygmans had to file notices of appearance in this and a related appeal—the approval of Applicants' preliminary site plan—the applicable rule here, V.R.E.C.P. 5(c), entitles a party to enter an appearance within 20 days of any notice of appeal. (See Mot. to Dismiss Wygmans as Interested Parties 2, filed Nov. 8, 2010).

[3] The record does not indicate if and when the Wygmans received service of Applicants' November 9th motion to dismiss. The Wygmans letter in response to the motion was filed on November 30, 2010. The Court reminds the Wygmans that they must comply with the Vermont Rules of Civil Procedure including Rule 78 which requires memorandum in opposition to motions to be filed with the Court 15 days after a party receives service of the motion.